UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KENDALL LAMAR DONALDSON,

                    Petitioner,

v.                                      CASE NO. 08-11144
                                      HONORABLE ARTHUR J. TARNOW

CARMEN PALMER,

                    Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION
## FOR DISCOVERY AND DENYING PETITIONER'S
## MOTION FOR AN EVIDENTIARY HEARING

      Petitioner Kendall Lamar Donaldson has filed a *pro se* application for the writ of habeas

corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's convictions for

armed robbery, felonious assault, felon in possession of a firearm, and felony firearm. The two

robberies for which Petitioner was convicted occurred at the Gold Coast Lounge and the Deluxe

Coney Island restaurant in Detroit. Petitioner's habeas claims are: (1) the prosecutor vouched

for his or her witnesses, called Petitioner a liar, and denigrated trial counsel; (2) defense counsel

was ineffective for failing to object to the prosecutor's closing arguments; (3) the trial court

should have suppressed the pre-trial photographic line-up; (4) the prosecutor withheld or

destroyed the 911 dispatch tape, which would have resulted in an acquittal on the charges related

to the Gold Coast Lounge robbery; (5) defense counsel was ineffective for failing to investigate,

review, or introduce the 911 dispatch tape; (6) there was insufficient evidence to convict

Petitioner of the Gold Coast Lounge robbery; (7) appellate counsel was ineffective for failing to

(a) investigate the 911 dispatch tape, (b) to request an evidentiary hearing on trial counsel's

performance, and (c) to raise other issues; and (8) appellate counsel was ineffective for failing to argue that Petitioner's Sixth Amendment rights were violated when the trial court sentenced Petitioner on facts not proven beyond a reasonable doubt. Currently pending before the Court are Petitioner's motions for discovery and for an evidentiary hearing.

### I. The Motion for Discovery

Petitioner seeks to obtain the tape of a 911 dispatch call. He anticipates that the tape will show that he was arrested for the Coney Island robbery before the Gold Coast Lounge robbery occurred and, therefore, he could not have committed the latter robbery.

Habeas petitioners are not entitled to discovery as a matter of course; the scope and extent of discovery are discretionary matters for the District Court to decide. *Bracy v. Gramley*, 520 U.S. 899, 904, 909 (1997). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." 28 U.S.C. § 2254, Rule 6(a). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969).

The 911 dispatch tape, which Petitioner seeks, is relevant to Petitioner's claims about the prosecutor, defense counsel, and the sufficiency of the evidence. Therefore, Petitioner's motion for discovery [Doc. 3, Mar. 17, 2008] is GRANTED. Respondent shall attempt to locate the 911

dispatch tape for the Gold Coast Lounge robbery and to submit the tape or a transcript of the tape with the state court record if the tape can be located.

## II.  The Motion for an Evidentiary Hearing

Petitioner alleges that his trial attorney was ineffective for failing to obtain or listen to the 911 dispatch tape for the Gold Coast Lounge robbery.  He seeks an evidentiary hearing to determine defense counsel's reason for failing to introduce the 911 dispatch tape in evidence.

A federal district court generally is prohibited from granting an evidentiary hearing when habeas petitioners failed to develop the factual basis for their claims in state courts.  28 U.S.C. § 2254(e)(2).  "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court."  *Schriro v. Landrigan*, __ U.S. __, __, 127 S. Ct. 1933, 1937 (2007).  "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir. 1994)).

The Court is unable to determine whether Petitioner's claims are sufficient grounds for release. Accordingly, Petitioner's motion for an evidentiary hearing is DENIED without prejudice. The Court will reconsider its ruling, if necessary, after receipt of the responsive pleading and the state court record. It is *not* necessary for Petitioner to renew his motion or to file another motion for an evidentiary hearing.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: April 10, 2008


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 10, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary