UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDALL DONALDSON,

        Petitioner,

v.                                  CASE NO. 08-11144
                                  HONORABLE ARTHUR J. TARNOW

CARMEN PALMER,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND THE OPINION AND JUDGMENT DENYING HIS PETITION FOR WRIT OF HABEAS CORPUS

        Pending before the Court is petitioner Kendall Donaldson's motion to alter or amend the Court's opinion and judgment denying his habeas corpus petition. Petitioner alleges that the Court erred by deferring to the state court decisions and by concluding that his trial attorney was not ineffective. For the reasons stated below, the motion will be denied.

### I. Background

        The habeas petition challenged Petitioner's Wayne County convictions for armed robbery, assault with a dangerous weapon (felonious assault), felon in possession of a firearm, and possession of a firearm during the commission of a felony. The convictions arose from two robberies that occurred in Detroit on October 3, 2002. The first robbery occurred at the Deluxe Coney Island restaurant at 12:34 a.m. that day. The second robbery occurred at a night club known as the Gold Coast Lounge, which was located about half a block away from the Deluxe Coney Island restaurant.

*Donaldson v. Palmer*, No. 08-11144

The prosecutor's theory was that, within a period of fifteen minutes, Petitioner robbed the Coney Island restaurant, went next door and robbed the Gold Coast Lounge, rode down the street, and was standing in front of another restaurant when the police observed him and proceeded to arrest him. Petitioner's defense was that he was mis-identified as one of the robbers of the Coney Island restaurant and that it was physically impossible for him to commit the Gold Coast robbery because he was in police custody for the first robbery by the time the Gold Coast robbery occurred.

Petitioner claimed in his habeas petition that (1) the prosecutor's comments and conduct were improper, (2) the pretrial identification procedure was defective, (3) trial and appellate counsel were ineffective, and (4) there was insufficient evidence to convict him of the second robbery. In an Opinion and Order entered on March 25, 2011, the Court held that the prosecution did not suppress or willfully destroy material evidence favorable to the defense, and the prosecutor's remarks were not so flagrant as to be reversible error. The Court also held that the photographic array was not unduly suggestive and even if it were, the identification was reliable, that Petitioner's attorneys were not ineffective, and that the evidence was sufficient to support Petitioner's convictions.

## II.  Discussion

### A.  AEDPA Deference

Petitioner alleges in his pending motion that the Court erred by applying the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996 to his claims about trial and appellate counsel. Petitioner contends that AEDPA should not apply because the state courts did

2

*Donaldson v. Palmer*, No. 08-11144

not address his claims on the merits and because he was not at fault for failing to develop the

facts in state court.

> Pursuant to 28 U.S.C. § 2254(d), as modified by the AEDPA,
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

Petitioner relies on *Brown v. Smith*, 551 F.3d 424, 429 (6th Cir. 2008), in which the

United States Court of Appeals for the Sixth Circuit stated that the absence of evidence before

the Michigan Court of Appeals (through no fault of Brown's), combined with the state court's

comment that its review was limited to mistakes apparent on the record, meant that there was no

relevant state court adjudication to which the Sixth Circuit could defer.  The Sixth Circuit held

that AEDPA deference was inapplicable and that the pre-AEDPA *de novo* standard of review

applied.

Petitioner's case is distinguishable.  Although no state court addressed Petitioner's

ineffective-assistance-of-counsel claim on direct review[1], he also raised the issue in a motion for

---

[1]    Petitioner raised the claim in a supplemental brief on direct review of his convictions. The Michigan Court of Appeals appears to have ignored the claim, and the Michigan Supreme

*Donaldson v. Palmer*, No. 08-11144

relief from judgment.  The trial court adjudicated the claim on the merits. It stated in a reasoned

opinion that Petitioner had based his claims about counsel on arguments that were devoid of

merit and that attorneys are not required to put forth frivolous arguments.  While it is true that

the State's appellate courts denied leave to appeal the trial court's decision pursuant to Michigan

Court Rule 6.508(D), "[b]rief orders citing Michigan Court Rule 6.508(D) are not explained

orders invoking a procedural bar." *Guilmette v. Howes*, 624 F.3d 286, 289 (6th Cir. 2010) (*en

banc*).

Furthermore,  the Supreme Court recently stated that, "[w]hen a federal claim has been

presented to a state court and the state court has denied relief, it may be presumed that the state

court adjudicated the claim on the merits in the absence of any indication or state-law procedural

principles to the contrary." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 784-85 (2011);

*see also Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1402 (2011) (stating that "Section

2254(d) applies even where there has been a summary denial").  Because the state court

decisions on Petitioner's claim were not based on state-law procedural principles, it may be

presumed that the state courts adjudicated Petitioner's ineffective-assistance-of-counsel claims

on the merits.  AEDPA deference therefore applies to Petitioner's claims.

### B.  Trial Counsel's Failure to Investigate

Petitioner's only other claim is that the Court erred by concluding that trial counsel was

not ineffective.  Petitioner maintains that trial counsel should have investigated evidence to

---

Court denied leave to appeal because it was not persuaded to review the issues.

4

*Donaldson v. Palmer*, No. 08-11144

support the defense theory and sought an adjournment of the trial when prosecution witnesses changed their testimony regarding the timing of the second robbery. Petitioner takes issue with the Court's conclusion that he could have committed both robberies and that defense counsel's alleged failure to investigate did not amount to ineffective assistance. Petitioner argues that it is highly unlikely he could have committed both robberies and that trial counsel's failure to investigate the facts before trial and his failure to seek an adjournment when the witnesses changed their stories amounted to ineffective assistance.

Petitioner contends that the Court ignored trial counsel's failure to seek an adjournment to obtain available evidence. The Court, however, evaluated the evidence that Petitioner says his attorney should have uncovered. The Court also determined that Petitioner was not prejudiced by counsel's failure to obtain the evidence.

Petitioner has failed to show that the Court was misled by a "palpable defect" and that "correcting the defect will result in a different disposition of the case." Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). The Court therefore declines to reconsider Petitioner's ineffective-assistance-of-counsel claim.

For the reasons give above, Petitioner's motion to alter or amend the Court's opinion, order, and judgment denying his habeas corpus petition [dkt. #46] is **DENIED**.

s/Arthur J. Tarnow<br>
Arthur J. Tarnow

Dated: June 13, 2011                    Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2011, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary